**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Dhruv M. Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:       bpaino@mcglinchey.com
             dsharma@mcglinchey.com

Attorneys for *Defendant* **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR25**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GILDA NOEMI SANCHEZ and CESAR JACOBO PEREZ,<br><br>           Debtors.<br><br>―――――――――――――――――<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1,<br><br>           Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR25,<br><br>           Defendant. | Case No.: 8:17-bk-14446-CB<br><br>Chapter 13<br><br>Adv. No.: 8:18-ap-01055-CB<br><br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Hearing:**<br>Date:  August 28, 2018<br>Time:  1:30 p.m.<br>Place: US. Bankruptcy Court<br>       411 West Fourth Street<br>       Courtroom 5D<br>       Santa Ana, CA 92701 |

*Defendant* Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR25, Mortgage Pass-Through Certificates Series 2006-AR25 ("Defendant") respectfully submits this reply to *plaintiff* Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1's ("Plaintiff") Opposition to Motion for

Judgment on the Pleadings (the "Opposition"). This reply is supported by the points and authorities cited herein and the record currently before the Court.[1]

## I. INTRODUCTION

Pursuant to the Opposition, Plaintiff advances several arguments for why the Motion should be denied. None of them have merit. Plaintiff starts by arguing that the Motion is procedurally improper because Defendant previously filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Put simply, this argument is a misstatement of the law. The Opposition also reflects a fundamental misunderstanding of the legal implications of an order denying a motion under Rule 12(b)(6). Indeed, contrary to Plaintiff's suggestion in the Opposition, an order denying a Rule 12(b)(6) motion does not serve as a basis for invoking the doctrines of collateral estoppel or res judicata. The equities of this case do not otherwise justify the reordering of the lien priorities between the parties as Plaintiff indisputably had notice of the Modification at the time it acquired the Junior Deed of Trust. Moreover, Plaintiff indisputably entered into a binding stipulation wherein it conceded that its lien was junior to Defendant's lien against the Property. This stipulation precludes Plaintiff from now disputing its lien priority. Finally, Plaintiff's sole cause of action in this case is time-barred as it was filed well outside the applicable limitations period. For these reasons, as explained more fully below and in the Motion, the FAC should be dismissed.

## II. ANALYSIS

### A. THE MOTION IS PROCEDURALLY PROPER

Plaintiff starts the Opposition by arguing that it was improper for Defendant to file the Motion due to the denial of Defendant's prior Rule 12(b)(6) motion. This argument has no basis in law. Indeed, as explained in the Motion, a motion under Rule 12(c) may assert a defense of failure to state a claim regardless of whether the defense could have been asserted in a previously filed motion under Federal Rule of Civil Procedure 12(b)(6). *See Hernandez v. City of San Jose*, 241 F.Supp.3d 959, 984-985 (N.D. Cal. 2017). Since the defenses raised in the Motion were not previously raised in Defendant's Rule 12(b)(6) motion, they are properly brought in the context of the Motion.

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in Defendant's Motion for Judgment on the Pleadings (the "Motion").

## B. THE ORDER ON DEFENDANT'S RULE 12(b)(6) MOTION DOES NOT HAVE ANY PRECLUSIVE EFFECT

As a corollary to Plaintiff's argument that the Motion was procedurally improper, Plaintiff also argues that the order on Defendant's Rule 12(b)(6) motion should be given preclusive effect under the doctrine of res judicata. The doctrine of res judicata includes two distinct types of preclusion, including claim preclusion and issue preclusion. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Plaintiff seeks to invoke both types of preclusion. Not surprisingly, the authorities Plaintiff relies on do not support its argument. On the contrary, Plaintiff cites to authorities that merely discuss the elements for applying the doctrine of res judicata. It cites to no authorities standing for the proposition that a denial of a Rule 12(b)(6) motion has preclusive effect within the same case the motion was filed. This is likely because there are no such authorities, as explained below.

It is well-settled that res judicata applies only where parties had an adequate opportunity to litigate disputed issues of fact. *See Ezike v. Mittal*, 2009 WL 506867, at *6 (N.D. Cal. 2009) (citation omitted). The Court did not decide issues of fact in ruling on the Rule 12(b)(6) motion. Instead, the Court determined that it could not grant the motion because there were disputed issues of fact. Ultimately, the Court's ruling on Defendant's Rule 12(b)(6) motion determined only that the motion did not demonstrate that the operative complaint contained insufficient facts to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is obviously not the equivalent of a final determination of disputed issues of fact. An order denying a motion to dismiss under Rule 12(b)(6) does not otherwise constitute a final order. *See George v. Rehiel*, 738 F.3d 562, 570 (3d Cir. 2013). More critically, res judicata does not apply to continued proceedings in the same litigation. *See Thompson v. Paul*, 657 F.Supp. 1113, 1119 (D. Ariz. 2009) ("However, res judicata applies only when there is a second action; it does not apply to continuing proceedings in the same litigation.") (citing *In re Freeman,* 489 F.3d 966, 968 n. 1 (9th Cir. 2007)). For all the

///

///

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**

1175121.1

foregoing reasons, there is no merit to Plaintiff's argument that Defendant was precluded from bringing the Motion.[2]

### C. THE FAC FAILS TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT

Plaintiff's third argument in the Opposition underscores the defects with its sole cause of action. It specifically argues that the Modification is ineffective because it contained terms that were prejudicial to Plaintiff and was entered into without Plaintiff's consent. Conveniently, Plaintiff ignores the authority it cites in the FAC, which recognizes that a material modification of a senior lien *does not* result in loss of priority absent contractual subordination. (*See* FAC, ¶ 39) (citing *Bank of New York Mellon v. Citibank*, 8 Cal.App.5th 935, 954 (2017)). Making matters worse, Plaintiff parrots the same specious factual allegations from the FAC regarding the allegedly prejudicial impact of the Modification, including that: (1) the total unpaid principal balance was increased (a contention that is misleading, at best, since the amounts that were added to the principal balance of the Loan were arrearages that were otherwise due and owing); (2) the unpaid principal balance was split into balloon payments (both of which were due *fifteen years after* the maturity date of Plaintiff's Loan, thereby undermining Plaintiff's contention that the payments prejudiced Plaintiff by increasing the risk of default at the time the Senior Loan matured); and (3) the interest rate was changed (though Plaintiff does not specify how this change was prejudicial).[3] Regardless, these issues were already considered in the context of Defendant's prior motion and are outside the scope of issues presented in the Motion.

---

[2] Plaintiff's proposed application of the doctrine of res judicata is absurd. If the doctrine could be applied in the way that Plaintiff proposes, a defendant would be precluded from raising new defenses that are revealed during the course of litigation.

[3] Any contention by Plaintiff that the Modification was prejudicial is patently frivolous and tests the spirit of Federal Rule of Bankruptcy Procedure 9011. The fact of the matter is that the Modification preserved the Junior Deed of Trust as, in the absence of the Modification, Defendant would have foreclosed its senior priority lien at a time when there was no equity in the Property to cover even the Senior Loan, thereby extinguishing the Junior Deed of Trust. Moreover, the Modification: (i) did not provide for the advancement of any new monies (it instead merely added the outstanding arrears to the unpaid principal balance); (ii) reduced the interest rate on the Senior Loan; (iii) deferred nearly $120,000 of the modified principal balance, *without interest*, which more than offset the impact of any interest-on-interest component of the Modification; and (iv) provided for balloon payments that were due *fifteen years* after the maturity date of the Junior Deed of Trust.

At bottom, Plaintiff's claim is premised on its contention that Defendant did not obtain Plaintiff's consent before entering into the Modification. This theory is nonsensical as Plaintiff had no interest in the Loan at the time the Modification was consummated. Indeed, the record reflects that Plaintiff did not receive its assignment of the Junior Deed of Trust until nearly *six years* after the Modification was consummated. (*See* FAC, **Exhibit A**; RJN, **Exhibit 3**). While Plaintiff argues that it stands in the shoes of its predecessor-in-interest, nowhere in the FAC does Plaintiff allege that its predecessor did not consent to the Modification. (*See generally* FAC). The FAC instead focuses exclusively on Plaintiff's lack of consent. (*See* FAC, ¶¶ 20, 50-51). Plaintiff cannot overcome the deficiencies with the FAC by advancing new theories in the context of the Opposition. *See Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (noting that a court may consider only allegations made in the complaint and answer in deciding a motion under Rule 12(c)).

Not surprisingly, Plaintiff does not include any explanation in the Opposition for the blatant factual misstatement in the FAC that the Modification was not recorded. Simply put, the Modification was a matter of public record at the time Plaintiff acquired its interest in the Junior Deed of Trust. By virtue of the recorded Modification, Plaintiff had full knowledge that the Loan had been modified before it acquired the Junior Deed of Trust, a point that Plaintiff does not dispute. As noted above, Plaintiff seeks to sidestep this issue by arguing that it stands in the shoes of its predecessor-in-interest. This argument is unavailing. The California courts that have ordered a reversal of lien priorities due to a loan modification have done so on equitable grounds (and only in the contractual subordination context). *See e.g., Lennar Ne. Partners v. Buice*, 49 Cal.App.4th 1576, 1586 (1996). These equities do not exist in the scenario presented in this case where a junior lienholder (Plaintiff) acquired its lien rights *with full knowledge* that a senior lien had been modified. Had Plaintiff had any reservations regarding the impact of the Modification on the Junior Deed of Trust, it could have simply forwent its acquisition of the junior lien, which is a materially different scenario than the *Lennar* court confronted. In short, Plaintiff cannot avoid the implications of its undisputed notice of the Modification by relying on a predecessor's alleged lack of notice.

///

## D. THE STIPULATION AND LIEN AVOIDANCE ORDER PRECLUDE PLAINTIFF FROM PURSUING THIS ACTION

The penultimate argument in the Opposition is that the Stipulation and Lien Avoidance Order do not preclude Plaintiff from re-litigating the priority of its lien. In support of this argument, Plaintiff cites to the elements for *claim preclusion*, notwithstanding the fact that Defendant's res judicata defense is premised on *offensive issue preclusion*. Relying on these incorrect elements, Plaintiff contends that res judicata does not apply because Defendant was not a party to the Stipulation. There is no such requirement under offensive issue preclusion. *See Trevino v. Gates*, 99 F.3d 911, 923 (1996). Instead, issue preclusion requires only that Plaintiff have been a party to (or in privity with a party to) the prior judgment or order. *See id.* This standard is clearly met in this case as Plaintiff was, in fact, a party to the Stipulation. Plaintiff then argues that Stipulation and Lien Avoidance Order were not final decisions on the merits and did not decide the issue of Plaintiff's lien priority. Neither argument is supported by the record.

As explained in the Motion, the Stipulation and Lien Avoidance Order necessarily decided that Plaintiff's lien was junior in priority to Defendant's lien. Indeed, the Stipulation resolved a motion filed by Debtors wherein they sought to avoid the Junior Deed of Trust and reclassify Plaintiff's claim as unsecured pursuant to 11 U.S.C. § 506. The priority of the Junior Deed of Trust was both critical and necessary to the determination of whether Debtors were entitled to relief under section 506. *See In re Tran*, 814 F.Supp.2d 946, 950 (N.D. Cal. 2011) ("Thus, the claim's status as secured and the amount of the secured claim depends upon the value of the property to which the lien attaches, and the amount of any senior liens."). Stated differently, the dispute underlying the Stipulation required Debtors to demonstrate that the Junior Deed of Trust was junior in priority and that there was no equity in the Property above the balance due on Defendant's lien. Through the Stipulation, Plaintiff conceded that this was the case.

There can otherwise be no dispute that both the Stipulation and corresponding Lien Avoidance Order constituted final orders. *See In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008); *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996). The fact that the avoidance of the Junior Deed

of Trust was conditioned on Debtors' receipt of a discharge did not impact the finality of the Stipulation and Lien Avoidance Order or the lien priority issues decided therein. Nor does the dismissal of the Prior Bankruptcy affect the preclusive effect of the Stipulation and Lien Avoidance Order. *See e.g., In re Phillips*, 553 B.R. 536, 545 (Bankr. E.D.N.C. 2016) (recognizing that a lien avoidance order is final for purposes of res judicata even if it is predicated on a chapter 13 discharge).[4] Ultimately, it is immaterial for purposes of res judicata that the avoidance of the Junior Deed of Trust was conditioned on Debtors' completion of their plan and receipt of a discharge as this condition does not change the fact that Plaintiff conceded the junior priority status of its lien in the Stipulation. It is likewise immaterial that Defendant was not a party to the Stipulation. *See Pena v. Travis*, 2002 WL 31886175, at *8 (S.D.N.Y. 2002) ("On the other hand, collateral estoppel, or issue preclusion, does not depend on a mutuality of the parties."). For the foregoing reasons, the doctrine of issue preclusion prevents Plaintiff from pursuing this action. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion [] bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.") (citation and internal quotations omitted).

E. **PLAINTIFF'S SOLE CAUSE OF ACTION FOR DECLARATORY RELIEF IS TIME-BARRED**

In its final argument, Plaintiff contends that its claim is not time-barred. Plaintiff concedes that the limitations period governing a quiet title action is dictated by the underlying theory of relief. Notwithstanding this concession, Plaintiff argues that the four-year period prescribed by Cal. Civ. Proc. Code § 343 does not apply in this action. No authority is cited in the Opposition to support this argument. Rather, Plaintiff argues without citing to any authorities whatsoever that "[m]any times, quiet title actions are filed twenty or more years later." (Opposition, 10:14-17). The Opposition

---

[4] The *Phillips* court recognized that "[o]rders avoiding liens in Chapter 13 are usually predicated upon the debtor receiving a discharge because of the effects of dismissal" set forth in 11 U.S.C. § 349(b)(1)(B). *See In re Phillips*, 553 B.R. at 545. In considering this predicate for lien avoidance, the *Phillips* court noted that the predication does not prevent a lien avoidance order from being a final order for purposes of res judicata. *See id.* Rather, the court considered the impact of dismissal to merely allow a lien avoidance order to be statutorily absolved in the event of dismissal. *See id.* Plainly stated, the fact that the Stipulation and Lien Avoidance Order conditioned the actual dismissal of the Junior Deed of Trust on Debtors completing their plan in the Prior Bankruptcy and receiving a discharge does not change the fact that the Stipulation and Lien Avoidance Order were final for purposes of res judicata.

7    CASE NO. 8:18-ap-01055-CB
**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
1175121.1

offers no alternative limitations period for Plaintiff's quiet title claim. Adopting the four-year limitations period under Cal. Civ. Proc. Code § 343, Plaintiff argues that it had until four years after Debtors filed the Prior Bankruptcy to bring this action. Its rationale for this argument is that the filing of the Prior Bankruptcy in March of 2017 is the first time that the priority of its lien became an issue. This argument is unsupportable.

Because the facts giving rise to the lien priority dispute became a matter of public record upon the recording of the Modification (which occurred nearly *six years before* the assignment of the Junior Deed of Trust to Plaintiff), the limitations period began to run in November 18, 2010 (i.e., the date the Modification was recorded). *See Cumming v. City of San Bernardino Redevelopment Agency*, 101 Cal.App.4th 1229, 1235 (2002) ("The public record gave notice sufficient to start the statute of limitations running."). While Plaintiff did not acquire its rights in the Junior Deed of Trust until 2016, it is subject to the same statute of limitations defenses that could have been raised against its predecessor-in-interest. *See Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal.App.4th 765, 775 (2002). Contrary to Plaintiff's suggestion in the Opposition, there was no need for there to be a pending bankruptcy case for Plaintiff (or its predecessors) to dispute the priority of Defendant's lien. Indeed, Plaintiff concedes that the lien priority dispute could have been raised through a standard quiet title action. Since this lawsuit was filed more than *seven years* after the recordation of the Modification, Plaintiff's sole cause of action is time-barred.[5]

///
///
///
///
///
///

---

[5] Plaintiff's claim would be time-barred under nearly every recognized limitations period for a quiet title claim. *See Salazar v. Thomas*, 236 Cal.App.4th 467, 476-477 (2015) ("Generally, the most likely time limits for a quiet title action are the five-year limitations period for adverse possession, the four-year limitations period for the cancellation of an instrument, or the three-year limitations period for claims based on fraud or mistake."); *Walters v. Boosinger*, 2 Cal.App.5th 421, 430 (2016) (recognizing applicability of four-year "catch-all" limitations period under Cal. Civ. Proc. Code § 343 to claim for quiet title).

## III. CONCLUSION

For the reasons set forth herein, as well as those stated in the Motion, the FAC should be dismissed.

Dated: August 21, 2018            **McGLINCHEY STAFFORD**

By: /s/ Brian A. Paino
    BRIAN A. PAINO
    DHRUV M. SHARMA
Attorneys for *Defendant* **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR25, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR25**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
McGlinchey Stafford | 18201 Von Karman Ave., Suite 350 | Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____DEFENDANT'S REPLY TO PLAINTIF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/21/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Amrane (RS) Cohen (TR)    efileRS@ch13ac.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Kristin A Zilberstein    ecfnotifications@ghidottilaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __08/21/2018__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Catherine E. Bauer | U.S. Bankruptcy Court
411 W. Fourth St., Suite 5165 | Courtroom 5D
Santa Ana, CA 92701-4593
(Via Federal Express)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/21/2018 | Carol Rico | /s/ Carol Rico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**